IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| 1004 PALACE PLAZA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:18-cv-1376 |
| | ) |
| EBADOM FOOD, LLC, | ) |
| et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiff's Motion to Dismiss the Counterclaim (Dkt. 31) pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff and Defendants were parties and related corporate officers to a lease, assignment, and guaranty for a commercial space that was to be used as a Korean barbeque restaurant. Prior to the execution of the lease, Defendants allegedly made representations regarding the amount of capital that was available to support the investment, that building plans were already complete for the project, and that they had sufficient knowledge of how to quickly complete the project as they had numerous similar locations in South Korea. Plaintiff alleges that as a result of these statements it entered into the lease for a ten-year period providing Defendants a seven-month period where rent would not be owed, the lease defined this as the

"fixturing period." The lease was executed on November 21, 2016 and was between Plaintiff and Defendant Ebadom Food, LLC, a California limited liability company.

Plaintiff alleges that after the lease was signed problems started to occur that amount to breaches of the lease. It first noted that the lease required Defendants to provide building plans to Plaintiff within fourteen days of the execution of the lease, and the plans were not provided during that window. Also, the Defendants were unable to complete the build out of the property on schedule in order to open the restaurant by the time required in the lease. Further, Defendants allegedly did not properly manage the buildout of the location in terms of getting permits from the county. Even though proper permits were not received, Defendants ordered work to continue on the property. When the county inspector saw the scope of the permits had been exceeded he issued a Stop Work Order.

Defendants allege in their counterclaims that Plaintiff was responsible for certain aspects of the buildout and permitting which it failed to complete. Defendants allege that Plaintiff not only did not satisfactorily complete the buildout of the roof of the restaurant but hid the issues from Defendants in order to have Defendants begin paying rent and foist additional costs on to Defendants. Defendants allege that the issues with

the buildout were hid from them by Plaintiff conspiring with numerous contractors to keep the information secret.

As a result of all of these issues, Plaintiff terminated the lease in December 2017 and brought a suit for unlawful detainer in Fairfax County General District Court. Defendants counterclaimed in that court. At the conclusion of that trial, Plaintiff won possession of the property but zero dollars in damages while Defendants were awarded $370,000 in damages for their counterclaims. That judgment is on appeal in the Fairfax County Circuit Court in a consolidated action with new complaints raised in that court.

Plaintiff brought this lawsuit alleging five counts, two of which were for fraud (Count IV) and constructive fraud (Count V). This Court has already resolved a motion to dismiss the Complaint with all claims there moving forward. In their Answer, Defendants raised five counterclaims: Breach of the Contract (Counterclaim I), Fraud (Counterclaim II), Constructive Fraud (Counterclaim III), Unjust Enrichment (Counterclaim IV); and Virginia Statutory Business Conspiracy, Va. Code §§ 18.2-499 and -500 (Counterclaim V). Plaintiff now moves to have the Counterclaims dismissed for failure to state a claim upon which relief can be granted.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th

3

Cir. 1992). On a Rule 12(b)(6) motion to dismiss, a court must accept all well-pleaded facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Reyes v. Waples Mobile Home Park Ltd. P'ship, 903 F.3d 415, 423 (4th Cir. 2018). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Claims for fraud and statutory business conspiracy must be pleaded with particularity to withstand dismissal. Fed. R. Civ. P. 9(b). See, e.g., Gov't Emps. Ins. Co. v. Google, Inc., 330 F. Supp. 2d 700, 706 (E.D. Va. 2004) (discussing the heightened pleading standard for business conspiracy claims). As this Court sits in diversity, Virginia law applies to the substantive portions of the claims raised. Levine v. Emp'rs Ins. Co. of Wausau, 887 F.3d 623, 627 (4th Cir. 2018).

Plaintiff raises issues with each counterclaim and they are addressed below.

To begin, Plaintiff contends that Counterclaim I fails because its obligation to complete the buildout was rendered null and void when Defendants breached the terms of the lease by failing to deliver the final plans for construction on time. The

4

Court, however, finds that Plaintiff has adequately pleaded facts that state a claim upon which relief can be granted and the motion to dismiss Counterclaim I will be denied.

The Court next turns its attention to Counts II and III, Fraud and Constructive Fraud. Defendants allege that Plaintiff committed fraud by falsely representing the buildout was complete and concealing information regarding the status of construction. Plaintiff contends that these counts cannot stand for two reasons. The first being that Defendant cannot be said to have reasonably and justifiably relied on Plaintiff's representations, and the second being that the Source of Duty Rule bars these claims. The first contention is a factual dispute which the Court will not address on a motion to dismiss as all factual inferences must be made in Defendants' favor. Iqbal, 556 U.S. at 678. The Source of Duty Rule, however, does act as a bar in this case.

Virginia courts diligently protect the line between claims arising in contract and those in tort in order to prevent every breach of contract from being turned into a tort. See Dunn Constr. Co. v. Cloney, 278 Va. 260, 267, 682 S.E.2d 943, 946 (2009). To determine whether a claim is best heard in contract or tort, a court must determine the source of the duty violated. Richmond Metro. Auth. v. McDevitt Street Bovis, Inc., 256 Va. 553, 558, 507 S.E.2d 344, 345-46 (1998). A claim in tort must

5

arise from a breach of a common law duty, as opposed to one that exists between the parties by virtue of a contract alone. Dunn Constr. Co., 278 Va. at 267 (internal quotations and citations omitted).

In the present case, Defendants have alleged that Plaintiff committed fraud when it failed to inform, or affirmatively hid from, Defendants that it had not completed the buildout of the restaurant space as required by the lease. Defendants allege that Plaintiff did this in order to induce Defendants to begin paying rent early as well as to have Defendants shoulder some Plaintiff's costs from the buildout by hiding the need for more work until Defendants' contractors had begun working. These alleged misrepresentations or omissions relate to a duty arising out of the contract as Plaintiff was required by the lease to perform the buildout of the roof. Thus, they cannot serve as the basis for a fraud claim. See Dunn Constr. Co., 278 Va. at 268 (finding false statements regarding adequate repairs to induce payment did not take fraud outside of the contractual relationship); Richmond Metro. Auth., 256 Va. at 347-48 (stating that fraud must generally be found in the inducement of the contract, not in concealment of breach to allow claim to stand). Because there is no allegation by Defendants that would tend to show that Plaintiff never intended to perform on the lease from

the outset, there are no actionable fraud claims stated and Counterclaims II and III fail.

The Court next turns to Plaintiff's contention that Count IV, Unjust Enrichment, must fail. Plaintiff contends that this is not allowable as the fraud claims have failed and there is no request for rescission of the contract by Defendant. Plaintiff, however, neglects to consider their claims for fraud which still remain. These fraud claims are for fraud in the inducement, which, if successful, would negate the existence of the lease. As there is a potential for the lease to be set aside, Defendants are allowed to alternatively plead a claim for unjust enrichment as the remedies under breach of contract would no longer be available. See, e.g., Mendoza v. Cederquist, 1:09-cv-163, 2009 WL 1254669, at *3 (E.D. Va. May 6, 2009). Thus, the motion to dismiss Counterclaim IV will be denied.

The Court lastly considers Plaintiff's contention that Counterclaim V, Virginia statutory business conspiracy, must be dismissed for failure to state a claim on which relief may be granted. To recover under Va. Code §§ 18.2-499 and -500, one must prove "'(1) a combination of two or more persons for the purpose of willfully and maliciously injuring plaintiff in his business[;] and (2) resulting damage to plaintiff.'" Dunlap v. Cottman Transmission Systems, LLC, 287 Va. 207, 214, 754 S.E.2d 313, 317 (2014) (quoting Allen Realty Corp. v. Holbert, 227 Va.

7

441, 449, 318 S.E.2d 592, 596 (1984)). Unlike a claim for tortious interference, a party to the contract may be liable for statutory business conspiracy. Worrie v. Boze, 198 Va. 533, 540-41, 95 S.E.2d 192, 198-99 (1956), abrogated on other grounds by Station #2, LLC v. Lynch, 280 Va. 166, 695 S.E.2d 537 (2010). The injury caused to the plaintiff must be a result of an act that is itself wrongful or tortious. See Dunlap, 287 Va. at 215 (citing Beck v. Prupis, 529 U.S. 494, 501 (2000)). "[A] conspiracy merely to breach a contract that does not involve an independent duty arising outside the contract is insufficient to establish a civil claim [for statutory business conspiracy]." Station #2, LLC, 280 Va. at 174. Allowing such would be inconsistent with the Virginia courts' practice of preventing breach of contract claims from becoming ones for fraud. Id. (citing Dunn Constr. Co., 278 Va. at 268).

In the instant case, Defendants have alleged that Plaintiff conspired with numerous contractors to prevent Defendants from learning of the issue with the build out of the restaurant space and Plaintiff's associated, alleged breach of the lease. The fact that Plaintiff is a party to the lease is not fatal to Defendants' Counterclaim. Where Defendants' Counterclaim fails, however, is that there is no underlying wrongful act to support a claim for statutory business conspiracy. Defendants do make claims for fraud, however, as discussed above, those are

8

meritless and may not support this Counterclaim. Also, Defendants' claim for breach of contract may not support the conspiracy claim. As there is no underlying wrongful act, Defendants' Counterclaim V fails and will be dismissed.

For the reasons mentioned, the Court will grant in part and deny in part Plaintiff's Motion to Dismiss the Counterclaims. The motion to dismiss Counterclaims II, III, and V will be granted and those counterclaims dismissed and the motion to dismiss Counterclaims I and IV will be denied. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July _15_, 2019